IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IAFREEDRE MCCLAIN, MONTRELL DAVIS, and others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) MORNING STAR, LLC a/k/a MORNING ) STAR NC, LLC, d/b/a HARDEE'S, ) ) Defendant. ) | CIVIL ACTION FILE NO. 3:18-cv-419 [Removal from General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, Civil Action File No. 18-CVS-12752] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Morning Star, LLC a/k/a Morning Star NC, LLC, d/b/a Hardee's ("Morning Star") hereby removes this action from the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, to this Court. This action is removable to this Court, and this Court has jurisdiction, because Plaintiffs' Complaint could have been originally filed in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441(a)-(b), and 1453(b). In support of this Notice of Removal, Morning Star states as follows:

## BACKGROUND

1.

On June 28, 2018, Plaintiffs Iafreedre McClain and Montrell Davis filed a class action Complaint in the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina. A copy of the Complaint captioned *Iafreedre Mcclain, Montrell Davis, and others similarly situated v. Morning Star, LLC a/k/a Morning Star NC, LLC, d/b/a Hardee's*, Civil Action No. 18-CVS-12752, is attached as Ex. A. Plaintiffs Iafreedre McClain and Montrell Davis filed their Complaint (collectively "Plaintiffs"), on behalf of themselves and those

similarly situated ("putative Plaintiffs").  Plaintiffs made jury demands in their Complaint.  Ex. A, ¶ 12.

2.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, as of the date of the filing of this Notice of Removal are attached as Ex. A.

3.

The Complaint asserts claims for product liability and breach of warranties and negligence arising out of the putative Plaintiffs' alleged consumption of potentially contaminated food products or exposure to potentially infected persons.

4.

The Complaint defines the class of putative Plaintiffs as "persons injured as a result of exposure to the Hepatitis A Virus ("HAV") at the Hardee's restaurant from June 13, 2018, through June 23, 2018. The exposure was caused by:  (1) Exposure to a HAV infected employee(s) of the defendant Hardee's;  (2) consumption of contaminated food and drink exposed to, prepared and/or served by the infected employee(s) of the defendant Hardee's, and/or (3) exposure to, or close proximity with, persons who ate food or drink at the defendants' restaurant or were exposed to the defendants' HAV infected employee(s)." Ex. A, ¶ 6.

5.

The Complaint defines the classes broadly to include those "potentially exposed to either potentially contaminated foods or potentially infected persons." "All food and drink sold at Defendant's restaurants during the exposure period … was defective, contaminated, and not reasonably safe as a result of use of contaminated strawberries in the preparation of particular

food items, or preparation in proximity or conjunction with such contaminated ingredients, rendering all food and drink prepared and sold during the exposure period contaminated, unsafe, and not fit for human consumption." Ex. A, ¶ 13.

6.

In other words, the class is defined to include anyone who ate or drank *anything* (potentially contaminated food), or came into the store or was exposed to or was in "close proximity with persons who ate food or drink at the Defendant's restaurant or were exposed to the Defendant's HAV infected employee(s)." Ex. A, ¶ 6. "[T]he Defendant's potentially contaminated food was distributed and sold in high volume, and over a number of different days." Ex. A, ¶ 10.

7.

Given the broad class definition, Plaintiffs' Complaint asserts that "Plaintiffs believe that the number of potential class members may reach over 4,000." Ex. A, ¶¶ 9, 25.

8.

Importantly, Plaintiffs' class is not limited to those exposed to HAV at Hardee's. As defined, it includes every person that was exposed "or in close proximity" with "persons who ate food from the restaurant who were exposed to the HAV infected worker(s) at the restaurant" and "their exposure to persons who were actually infected with HAV after consuming contaminated food that was manufactured and sold by the defendants at their restaurant." (Ex. A, ¶ 8).

9.

Plaintiffs seek extraordinarily broad relief on behalf of thousands of putative Plaintiffs for general and special damages, which "include but are not limited to: damages for wage loss; medical and medical-related expenses; travel and travel-related expenses; emotional distress; fear

3

of harm and humiliation; physical pain; physical injury; and all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances." Ex. A, ¶ 42. These broad damages are sought for each of the thousands of persons who fit the class description, i.e. "all persons who were potentially exposed to HAV in Mecklenburg County, North Carolina [over a ten day period] … and who, as a result of this exposure were required to obtain immunizations." Ex. A, ¶ 8. So, all such persons in Mecklenburg county (regardless of whether they came into the restaurant) who were in close proximity to persons who had been in close proximity with someone at the restaurant, are part of this class. Plaintiffs also request the Court award costs, disbursements and reasonable attorney's fees. Ex. A, ¶ 13(3).

## **ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

10.

Morning Star was served with a copy of Plaintiffs' Complaint on July 2, 2018 via certified mail. This Notice is filed within thirty (30) days of Morning Star being served with the Summons and Complaint pursuant to 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely filed in accordance with 29 U.S.C. § 1446(b).

11.

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings filed in the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, at the time of the filing of this pleading are attached hereto as Ex. A.

12.

Venue in this district and division is proper under 28 U.S.C. § 1441(a) because this district and division embrace the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, the forum in which the removed action was pending.

13.

A true and correct copy of this Notice of Removal will be filed with the Clerk General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties.

14.

In filing this Notice of Removal, Morning Star does not waive, and specifically reserves, any and all defenses, exceptions, rights, and motions. No statement or omission in this Notice of Removal shall be deemed an admission of any allegations leveled or damages sought in the Complaint.

## THIS COURT HAS JURISDICTION OVER THE ACTION PURSUANT TO CAFA

15.

On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA") with the intent of significantly expanding federal diversity jurisdiction over most class actions. 28 U.S.C. § 1332(d).

16.

To effectuate this purpose, CAFA provides that the United States District Courts have original jurisdiction over any putative class action: (1) involving a plaintiffs class of 100 or more members, (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive interest and costs, and (3) where at least one member of the plaintiffs class is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *Scott v. Cricket Communications, LLC,* 865 F.3d 189, 194 (4th Cir. 2017). All three conditions are satisfied in this case.

17.

Typically, when evaluating whether the particular factual circumstances of a case give rise to removal jurisdiction, courts construe the right to remove strictly, and apply a general presumption against the exercise of federal jurisdiction. *Atlantic Coast Marine Group Inc., v. Willis,* 210 F. Supp. 3d 807 (E.D.N.C. 2016)(citing, *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). In *Dart Cherokee Basin Operating Co. v. Owens*, however, the United States Supreme Court made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." 135 S. Ct. 547, 554 (2014). This conclusion was driven, in part, by the legislative history, including language found in Senate Report No. 109–14 (2005), which observed that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* at 43, as reprinted in 2005 U.S.C.C.A.N. 3, 41. Applying this binding precedent from the Supreme Court, courts may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions. *Jackson v. Home Depot U.S.A., Inc.,* 880 F.3d 165, 170 (4th Cir. 2018).

18.

"[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." § 1446(a). By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Op. Co. v. Owens,* 135 S. Ct. 547, 553 (2014)(citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, *Federal Practice and Procedure*, § 3733, pp. 639-641 (4th ed. 2009)("Section § 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading

6

requirement set forth in Federal Rule of Civil Procedure 8(a)." The legislative history of § 1446(a) similarly notes that "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'") *Dart,* 135 S.Ct. at 553 (citing, H.R. Rep. No. 100-889, p. 71 (1988)

19.

Because "no antiremoval presumption attends cases invoking CAFA, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold". *Dart Cherokee Basin Op. Co. v. Owens,* 135 S. Ct. 547, 554 (2014)(citations omitted) (quoting the House Judiciary Committee Report for the proposition that, at the time of removal, "defendants may simply allege or assert that the jurisdictional threshold has been met); *See also, Scott,* 865 F.3d at 194.

**A.    The Action is a "Class Action" or "Mass Action"**

20.

First, a state court action must qualify as a "class action" or a "mass action" to fall within CAFA's purview. 28 U.S.C. §§ 1332(d)(1) and (11).

21.

A "class action" under CAFA is any "civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

22.

This action qualifies as a "class action" under CAFA because it is a civil action filed under North Carolina's rule of judicial procedure authorizing class actions: N.C. Gen. Stat. § 1A-1, Rule 23. Ex. A, ¶ 8.

### B. The Putative Class Exceeds 100 Members

23.

CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). Section 1332(d)(1)(B) defines the term "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

24.

Plaintiffs allege a very broad class definition and, consequently, assert that "Plaintiffs believe that the number of potential class members may reach over 4,000." Ex. A, ¶¶ 9, 25.

25.

Thus, considering the Plaintiffs' assertions that the class size may be larger than 4,000, Plaintiffs' Complaint certainly meets the jurisdictional requirement that the purported class involve 100 or more plaintiffs.

### C. Minimal Diversity of Citizenship Exists

26.

The second CAFA requirement—that the parties be *minimally* diverse—also is readily satisfied here, because at least one putative class member is a citizen of a different state than Morning Star. 28 U.S.C. § 1332(d)(2).

27.

Plaintiffs' Complaint alleges that Plaintiffs Iafreedre McClain and Montrell Davis are both citizens of North Carolina. Ex. A, ¶¶ 1, 11.

28.

Under CAFA, a limited liability company such as Defendant here is properly considered "an unincorporated association" within the meaning of 28 U.S.C. § 1332(d)(10), and thus is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010) (holding that an LLC is an unincorporated association under § 1332(d)(10) and thus citizenship is determined by the LLC's State of Incorporation and where its principal place of business is located).

29.

In enacting § 1332(d)(10) as a part of CAFA in 2005, Congress modified the domicile rule for limited liability companies and other non-corporate entities. For purposes of CAFA, the citizenship of all "unincorporated association[s]" is determined by the State under whose laws the unincorporated association is organized and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(d)(10); *Ferrell*, 591 F.3d at 704.

30.

For purposes of diversity of citizenship, a limited liability company, such as Morning Star, is an "unincorporated association" within the meaning of 28 U.S.C. § 1332(d)(10); *Ferrell*, 591 F.3d at 705.

31.

Morning Star is a limited liability company organized under Florida law with its principal place of business in the State of New York.[1]  Ex. B; Declaration of Brian M. Bergeron attached as Ex. C.  Accordingly, under CAFA, Morning Star is a citizen of Florida and New York for CAFA diversity analysis.

32.

Therefore, since Morning Star[2] and Iafreedre McClain and Montrell Davis are citizens of different states, the requirement that the parties be minimally diverse is satisfied here.  *See* 28 U.S.C. § 1332(d)(6).

**D.     The Amount in Controversy Requirement is Satisfied**

33.

Pursuant to CAFA, the claims of the individuals comprising a putative class are aggregated to determine if the amount in controversy exceeds the $5,000,000 jurisdictional threshold. 28 U.S.C. § 1332(d)(6).  The possibility that the class will not be certified, or that some of the unnamed class members will opt out, is irrelevant to the jurisdictional determination, which is based only on the facts as alleged at the time of removal.  *Jamison v. Wiley,* 14 F.3d 222, 235, n. 14 (4th Cir. 1994)("[R]emoval jurisdiction is normally determined on the basis of facts at the time of removal, regardless of what happens thereafter.").

---

[1]     Plaintiff's Complaint makes an erroneous legal assertion when it states that "defendant Hardee's transacted business and maintained a place of business in Mecklenburg County and is, therefore, a resident of Mecklenburg County."  Ex. A, ¶ 5.  Morning Star concedes that it does business in Mecklenburg County but that is irrelevant, under applicable law, to the analysis here.

[2]     Since minimal diversity exists amongst the named parties, it is unnecessary to analyze further at this stage the citizenship of the putative class members but if a single putative class member is a citizen of a different state than where Defendant is domiciled minimal diversity exists.

34.

While Morning Star opposes class certification, and denies that it engaged in any conduct giving rise to liability or damages to Plaintiffs, the amount in controversy here, based on what Plaintiffs have asserted in their Complaint and put at issue in this litigation exceeds the $5,000,000 threshold.

35.

When a defendant seeks removal under CAFA, all that is required is "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014).

36.

Here, Plaintiffs allege that they expect the putative class size to be more than 4,000, with no limitation as to whether it is 5,000 or 10,000 or more persons. The allegations do not limit the class members to those that simply ate at the restaurant or even came in contact with someone in the restaurant. They include all allegedly damaged people in the entire county that came in contact with someone that had been in contact with someone at the restaurant.

37.

Plaintiffs seek to recover and have put at issue on behalf of each and every putative class member: general and special damages, which "include but are not limited to: damages for wage loss; medical and medical-related expenses; travel and travel-related expenses; emotional distress; fear of harm and humiliation; physical pain; physical injury; and all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances."

38.

Plaintiffs also request the Court award costs, disbursements and reasonable attorney's fees. Ex. A, ¶ 13(3). Plaintiffs' claim for attorney's fees further increases the amount in controversy. The majority of common fund fee awards fall between 20% and 30% of the fund. *See, Savani v. URS Professional Solutions LLC,* 121 F. Supp. 3d 564, 574 (D.S.C. 2015)(listing cases falling within the "normal" range of common fees awarded, between 25% and 33%).

39.

Using conservative estimates of $1,250 in *claimed* damages for each plaintiff for their asserted medical expenses, lost wages, emotional distress, pain and suffering, and other special and general damages, would bring the amount in controversy in excess of the threshold amount in controversy, before even adding (conservatively) 20% for the demanded attorney's fees.

40.

As highlighted above, respectfully, Defendant has asserted, based on the Plaintiffs' claims which again are expressly denied, that the controversy in this case exceeds $5,000,000 for purposes of establishing CAFA jurisdiction under 28 U.S.C. § 1332(d)(6).

**FILING OF REMOVAL PAPERS**

41.

Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being provided simultaneously to Plaintiffs' counsel and the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina. *See* Ex. D.

42.

By removing this action to this Court, Morning Star does not waive any defenses, objections, or motions available under state or federal law. Morning Star expressly reserves the

right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendant Morning Star, LLC a/k/a Morning Star NC, LLC, d/b/a Hardee's respectfully removes this action from the General Court of Justice, Superior Court Division of Mecklenburg, North Carolina, to this Court.

Respectfully submitted, this 30th day of July, 2018.

                                      WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

                                      */s/ Shawn D. Scott*
                                      Shawn D. Scott, Esq.
                                      North Carolina Bar No. 23463
                                      Alan M. Maxwell
                                      (*Pro hac vice* application forthcoming)
                                      Nicholas P. Panayotopoulos
                                      (*Pro hac vice* application forthcoming)
                                      Jennifer A. Adler
                                      (*Pro hac vice* application forthcoming)

                                      *Attorneys for Defendant Morning Star, LLC a/k/a Morning Star NC, LLC, d/b/a Hardee's*

3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
sscott@wwhgd.com
amaxwell@wwhgd.com
npanayo@wwhgd.com
jadler@wwhgd.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been served via first-class mail with adequate postage affixed thereto and e-mail to counsel of record as follows:

Brett E. Dressler, Esq.
Michelle Massingale Dressler, Esq.
Sellers, Ayers, Dortch & Lyons, P.A.
301 S. McDowell Street, Suite 410
Charlotte, NC 28204
bdressler@sellersayers.com
mpmdressler@sellersayers.com

William D. Marler, Esq.
Marler Clark, L.L.P., P.S.
1012 First Avenue, Fifth Floor
Seattle, WA 98104
bmarler@marlerclark.com

This 30th day of July, 2018.

                                            /s/ Shawn D. Scott
                                            Shawn D. Scott, Esq.
                                            North Carolina Bar No. 23463