# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| IAFREEDRE MCCLAIN, MONTRELL DAVIS, and others similarly situated, | ) ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 3:18-cv-00419-FDW-DCK |
| | ) | |
| MORNING STAR, LLC a/k/a MORNING STAR NC, LLC, d/b/a HARDEE'S, | ) ) | |
| | ) | |
|   Defendant. | ) | |

| | | |
|---|---|---|
| E.P. and S.F., individually and on behalf of others similarly situated, | ) ) | |
| | ) | |
|   Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 3:18-cv-00483-FDW-DCK |
| | ) | |
| CKE RESTAURANTS HOLDINGS, INC., a Delaware Corporation; HARDEE'S FOOD SYSTEMS LLC, a North Carolina Corporation; HARDEE'S RESTAURANTS LLC, a Delaware Corporation; and MORNING STAR, LLC a/k/a MORNING STAR NC, LLC, a Florida Corporation, | ) ) ) ) ) ) ) | |
| | ) | |
|   Defendants. | ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

COME NOW the parties identified in the caption above, by and through their respective

attorneys of record, and respectfully request that the Court preliminarily approve the settlement

that the parties have reached in this matter.

1

## I.   RELIEF REQUESTED

The parties to this action request the Court's approval, as a preliminary matter, of the proposed settlement, issue findings that the settlement is fair, adequate, and reasonable, and that the proposed notice of settlement to class members is reasonable and sufficient.

## II.   BRIEF STATEMENT OF FACTS

The plaintiff and defendant have entered into a Settlement Agreement, subject to court approval, including the documents and exhibits incorporated therein (together, the "Settlement Agreement", **Exhibit 1**), to settle the above-captioned litigation (the "litigation"). The Settlement Agreement sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the litigation. The parties hereby stipulate to this Court's preliminary approval of the settlement, subject to final approval after notice and claim administration.

Plaintiffs have made claims against Defendant and originally filed the above-captioned class action complaints against Defendants in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, respectively identified as Civil Action Nos. 18-CVS-12752 (June 21, 2018) and 18-CVS-14007 (July 16, 2018).  Defendants removed both actions to the United States District Court, Western District of North Carolina, Charlotte Division ("the litigation"). Plaintiffs dismissed without prejudice CKE Restaurant Holdings, Inc., Hardee's Food Systems LLC, and Hardee's Restaurants LLC from Civil Action No. 3:18-cv-00483.

The damages sought are the cost of Hepatitis A Virus ("HAV") blood testing and/or HAV vaccines or immune globulin ("IG") shots and an amount for the inconvenience for being warned and encouraged to receive the treatment.

2

Plaintiffs and putative class members obtained an HAV vaccination or an IG shot (with some persons also getting an HAV blood test) because of their potential exposure to HAV during an outbreak in the metropolitan Charlotte area in the summer of 2018. An employee working at the Hardee's restaurant located at 2604 Little Rock Road, Charlotte, NC 28214 ("Charlotte Hardee's") was one of the individuals who contracted an HAV infection during the outbreak. He last worked at the restaurant on June 23, 2018 and did not return to work again before the restaurant permanently closed on June 26, 2018.

As a result, public health officials recommended anyone who was a high risk for contracting HAV or who consumed food or beverages purchased at the Charlotte Hardee's between June 13, 2018, and June 23, 2018, receive prophylactic treatment against HAV within 14 days after their exposure at one of three clinics. These clinics were set-up before the Hardee's employee became ill. The individuals comprising the proposed class took immediate preventative action at the recommendation of public health authorities or other health professionals and, as a result, did not subsequently develop symptoms of HAV infection.

Plaintiffs have asserted in this litigation class claims for breach of warranties and negligence to recover damages for physical injury and economic loss arising from obtaining IG and/or HAV vaccinations in response to an alert by the North Carolina Department of Health and Human Services ("DOH") that Plaintiffs may have been exposed to the HAV by consuming food or drink purchased from the Charlotte Hardee's between June 13, 2018, and June 23, 2018 ("Potential Exposure Period").

Each named Plaintiff in the present case obtained a vaccination within 14 days of consuming food or beverage purchased between June 13, 2018, and June 23, 2018, at the Charlotte Hardee's, which is the time-period that CDC and FDA recommend. As a result of

3

obtaining vaccinations, these Plaintiffs prevented the possible development of a full-blown or symptomatic HAV infection for anyone actually exposed to and infected with HAV because the inactivated antigens in the vaccine caused (as intended) a protective immune-response. As such, the Plaintiffs were able to avoid the potentially more serious and life-threatening injuries that an individual might have experienced as the result of developing an HAV infection if they were actually exposed to and infected by HAV. Furthermore, Defendant was able to avoid potential liability for the more serious damages associated with a full-blown HAV infection. Nonetheless, Plaintiffs contend that they still suffered injuries for which this class action seeks fair compensation from the Defendant.

## III.  THE PROPOSED SETTLEMENT

### 1.    The Settlement Class.

For purposes of this settlement, the Parties agree that the class (the "Class") shall be defined as follows:

> All individuals who were (a) potentially exposed to the Hepatitis-A Virus ("HAV") at the Hardee's Restaurant, 2604 Little Rock Road, Charlotte, North Carolina ("Charlotte Hardee's"), between June 13, 2018, and June 23, 2018 ("Potential Exposure Period"), and (b) who, as a result of such potential exposure to HAV, obtained preventive medical treatment, including the administration of IG, HAV vaccine shots, or blood tests within 14 days after their exposure, and in no event any later than July 7, 2018.

> Excluded from the Class are (1) all persons, if any, who developed HAV infections as a result of consuming food or beverage at the Charlotte Hardee's during the Potential Exposure Period, (2) anyone receiving their first IG shot, HAV vaccine, or blood test after July 7, 2018, and (3) employees at the Charlotte Hardee's during the Potential Exposure Period.

### 2.    Relief to the Class.

**General Damages:** The General Damages Settlement provides for payment of general damages to each Class Member who submits a timely, qualified claim, for general damages ("Claimant").

4

Each Claimant will receive as general damages a pro-rata share of the aggregate class amount of $246,000.00 paid by Defendant's insurance carrier, Nationwide Insurance Company.

**Compensation for Class Representatives:** In addition to the above, and not to be deducted from the aggregate class amount, Class Plaintiffs, McClain, Davis, E.P. and S.F., will each receive an additional $1,000.00 in compensation paid by Defendant's insurance carrier, Nationwide Insurance Company.

      3.    <u>**The Plaintiffs' Counsel's Fees.**</u>

Plaintiffs' reasonable attorneys' fees and costs will be capped at 25% of the amount paid to the Class for general damages, or what is awarded by the Court, whichever is less. In no event shall Defendant's insurer, Nationwide Insurance Company, be obligated to pay more than $61,500 for Plaintiffs' attorneys' fees and costs. This amount is in addition to the General Damages paid to Qualified Claimants.

That the following Plaintiffs' attorneys shall continue to act as counsel for the Class ("Class Counsel"):

Brett Dressler
SELLERS, AYERS, DORTCH & LYONS, PA
301 S. McDowell St., Ste. 401
Charlotte, NC 28204
Tel (704) 377-5050
Fax (704) 339-0172

William D. Marler
MARLER CLARK, LLP, PS (Pro Hac Vice Admission Pending)
1012 First Avenue, Fifth Floor
Seattle, WA 98104
Tel (206) 346-1888
Fax (206) 346-1898

Daniel K. Bryson
Scott C. Harris
WHITFIELD BRYSON & MASON LLP

5

900 W. Morgan Street
Raleigh, NC 27603
Tel (919) 600-5000
Fax (919) 600-5035
Joseph G. Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (888) 711-9975
Fax: (610) 421-1326

## IV. ARGUMENT AND CITATION TO AUTHORITIES

### A. THE PROPOSED SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE AND THEREFORE DESERVES THE COURT'S PRELIMINARY APPROVAL.

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Fed. R. Civ. P. 23(e) provides, in part: "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e) sets out the procedures for a proposed settlement, and provides that the court may only approve a settlement after conducting a hearing and finding that it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); *U.S. Airline Pilots Association v. Velez,* No. 3:14-cv-00577-RJC-DCK, 2016 WL 8722883 (W.D.N.C. March 11, 2016).

Court approval of class action settlements is a two-step process: preliminary approval and final approval. *Manual for Complex Litigation,* Fourth, § 21.632 (2004). At the preliminary approval stage, the Court must "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.*; *See also, Velez,* 2016 WL 8722882 at *1 (first step of approval is for the court to conduct a preliminary approval hearing "to determine whether the proposed settlement is within the range of possible approval, or, in other words, whether there is probable cause to notify the class of the proposed

6

settlement.")(quoting *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994)); *Manual for Complex Litigation,* Fourth, § 21.632 (2004)(preliminary approval should be granted where settlement has no "obvious deficiencies" and is within the range of possible approval). Also at this stage of the approval process, the Court must make a preliminary determination whether the class may be certified for settlement purposes under rule 23. *Amchem Prods., Inc. v. Windsor,* 512 U.S. 591, 620 (1997). If the trial court grants preliminary approval, notice is sent to the class and the court conducts a fairness hearing at which all parties are given the opportunity to be heard on the proposed settlement. *Velez,* 2016 WL 8722882 at *1.

At the second stage of the approval process, the "fairness hearing," the court considers arguments in favor of an in opposition to approval of the settlement. If, after the second "fairness hearing," the trial court determines that the proposed settlement is "fair, reasonable, and adequate," it will give final approval of the settlement. Fed. R. Civ. P. 23(e)(2); *Velez,* 2016 WL 8722883 at *1(quoting *Horton*, 855 F. Supp. at 827).

The Fourth Circuit has bifurcated this analysis into two issues: (1) fairness, "which focuses on whether the proposed settlement was negotiated at arm's length;" and (2) adequacy, "which focuses on whether the consideration provided the class members is sufficient." *In re Jiffy Lube Sec. Litig.,* 927 F.2d 155, 158-59 (4th Cir. 1991); *U.S. Airline Pilots Association v. Velez,* No. 3:14-cv-00577-RJC-DCK, 2016 WL 1615408, *4 (W.D.N.C. April 22, 2016).

In assessing the fairness and adequacy of a proposed settlement, "there is a strong initial presumption that the compromise is fair and reasonable." Courts have recognized that "[s]ettlements, by definition, are compromises which 'need not satisfy every single concern of

the plaintiff class, but may fall anywhere within a broad range of upper and lower limits.' " *S. Carolina Nat. Bank v. Stone,* 139 F.R.D. 335, 339 (D.S.C. 1991)(internal citations omitted).

### 1. The Settlement is Fair.

The primary concern of the fairness inquiry is whether the proposed settlement "was reached as a result of good-faith bargaining at arm's length, without collusion. . . " *Jiffy Lube,* 927 F.2d at 158-59. Courts consider a variety of factors in evaluating the settlement's fairness, including the posture of the case, the extent of discovery conducted, the "circumstances" of the negotiation and the experience of counsel in the type of case.

First, district courts within the Fourth Circuit have found that even when cases settle early in the litigation after only informal discovery has been conducted, the settlement may nonetheless be deemed fair. *See, e.g. PNC Mortg. Corp. of America,* No. CIV.A.PJM-97-3084, 1998 WL 350581 (D. Md. May 21, 1998). Here, while both of these cases are in the early stages of litigation, the informal discovery and investigation that has taken place on the underlying facts and claims has enabled the parties to fairly evaluate the merits of their respective positions and the risks inherent with further litigation. There is also no dispute that the Mecklenburg County Health Department conducted an investigation of this outbreak, which provided the parties with additional information relating to the claims at issue. Given the underlying facts and circumstances of this case, especially when combined with the extensive experience of counsel on these types of cases, the parties were able to objectively analyze the strengths and weaknesses of their positions. The settlement reflects concessions by both sides.

Similarly, the circumstances of the negotiations favor preliminary approval of the settlement. Counsel for the parties negotiated at arms-length over a period of months, and involved several detailed communications and discussions.

8

Finally, there can be no doubt as to the experience of counsel on this type of case. Counsel for both Plaintiffs and Defendants have extensive experience in prosecuting complex class actions, including cases involving potential food-borne illness cases. Counsel are well-qualified to conduct the Litigation. Accordingly, the Parties are well-suited to make informed judgments regarding the nature of the Settlement.

### 2. The Settlement is Adequate.

In assessing the adequacy of a proposed settlement, the Fourth Circuit considers the following five factors: (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs would likely encounter if the case were to go to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *Jiffy Lube,* 927 F.2d at 159; *Velez,* 2016 WL 1615408 at *4.

The first three factors are related. Here, the parties do not dispute that there was an HAV outbreak in the metropolitan Charlotte area in the summer of 2018, or that an employee of the Hardee's restaurant located at 2604 Little Rock Road, Charlotte, NC 28214 ("Charlotte Hardee's") contracted HAV. The putative class consists of individuals who were potentially exposed to HAV and obtained a vaccination or an IG shot (with some persons also getting an HAV blood test) because of their potential exposure to HAV. Defendants deny liability arising from plaintiffs' claims and have asserted numerous defenses both on the merits and as to class certification for purposes. While Defendants believe that they would likely prevail in these actions, they have concluded that it is desirable that this litigation be settled in the manner and on the terms and conditions set forth in the Settlement Agreement in order to avoid the expense,

9

inconvenience and burden of further protracted legal proceedings and the uncertainties inherent in any litigation.  On the other hand, Plaintiffs believe that the claims asserted have merit and are supported by the available evidence. However, Plaintiffs also recognize the expense and length of trials in these actions which could take several years. Put short, the experienced attorneys for all Parties in these cases are aware that there are both foreseen and unforeseen difficulties in any litigation. Both sides of this litigation believe in the strength of their positions, but recognize the risks inherent with litigation.  A complex litigation such as this, including appeals, could take years.  With respect to the solvency of the Defendants, there is no evidence that the defendants are in any danger of becoming insolvent.  Finally, due to the preliminary nature of this motion, the Parties are unaware of any opposition to this settlement.

The settlement here contains no "obvious deficiencies" and confers substantial benefits on the putative class members.  Given the risks on both sides, and the potential for protracted litigation, the Parties have concluded that the settlement is adequate and in the range of possible final approval such that it should be preliminarily approved.

> **B.** **THIS COURT SHOULD CONDITIONALLY CERTIFY THE PROPOSED SETTLEMENT CLASS.**

Before a court may approve a proposed class action settlement, the class must be conditionally certified and that the requirements of Fed. R. Civ. P. 23 are met. *Velez,* 2016 WL 8722883 at *1. The party seeking to bring a class action must establish the following under Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

10

Fed. R. Civ. P. 23(a); *West,* 2017 WL 2470633 at *1; *Gunnells v. Health Plan Servs., Inc.,* 348 F.3d 417, 423 (4th Cir. 2003), *cert. denied,* 542 U.S. 915 (2004). Once the Rule 23(a) prerequisites are met, Plaintiffs must establish that the putative class meets one of the requirements of Rule 23(b). *West,* 2017 WL 2470633 at * 3. The Supreme Court has recognized that, In certifying a settlement class, the court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Amchem,* 521 U.S. at 620.

Here, the proposed Settlement Class satisfies the requisite elements of Rule 23(a) and Rule 23(b)(3) in the context of settlement. With respect to numerosity, Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Here, the Mecklenburg Department of Health has indicated that more than 2,000 individuals received a HAV vaccination during the relevant time period. This easily meets the numerosity requirement. In fact, in the Fourth Circuit, class actions have been found to meet the numerosity requirement with as few as eighteen members. *Cypress v. Newport News General and Nonsectarian Hospital Ass'n,* 375 F.2d 648, 653 (4th Cir. 1967).

Rule 23(a)(2) requires that the court find that "there are questions of law or fact common to the class." This subsection only requires that "common issues exist." *Holsey v. Armour & Co.,* 743 F.2d 199, 216-17 (4th Cir. 1984). Here, common questions of law and fact exist with regard to the alleged injury and damages caused to each Plaintiff and putative class member allegedly caused by potential exposure to HAV at the Charlotte Hardee's and including whether Defendant's actions with respect to the ill Hardee's employee breached and warranties or duties to Plaintiffs or putative class members. For purposes of settlement, Plaintiffs also meet the typicality requirement of Rule 23(a). Plaintiffs allege that they, like all class members, were

11

potentially exposed to HAV at the Charlotte Hardee's and they assert the same legal claims as all class members. They further allege that their damages are typical of those allegedly suffered by every class member. *See, Velez,* 2016 WL 1615408, *2 (where claims of Plaintiffs were identical to those of class members, typicality was met).

The adequacy of representation requirement of Rule 23(a) requires a two-pronged inquiry: (1) the named plaintiffs must not have interests antagonistic to those of the class; and (2) the plaintiffs' attorneys must be qualified, experienced and generally able to conduct the litigation. *Velez Hewlett v. Premier Salons Int'l, Inc.,* 185 F.R.D. 211, 218 (D. Md. 1997). As discussed above, proposed class counsel are well-qualified, experienced and able to conduct this litigation. Plaintiffs' interests are co-extensive with those of the Class, since Plaintiffs seek relief that is identical to that which is sought by every other member of the Class. Moreover, Plaintiffs and Class Counsel have no interests antagonistic to those of the Settlement Class and are not subject to any unique defenses. Plaintiffs and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class.

The requirements of Rule 23(b)(3) are also met in this settlement context. Rule 23(b)(3) only requires that the common issues predominate, not that they are "dispositive" of the entire litigation. *Brown v. Pro Football,* 146 F.R.D. 1, 4 (D.D.C. 1992). Predominance exists here for purposes of this settlement where Plaintiffs claim they and all putative class members suffered the same injury from alleged exposure to HAV at the Charlotte Hardee's. *Kay Company v. Equitable Production Co.,* No. 2:06-cv-00612, 2009 WL 10664160, * 2 (S.D. W. Va. May 15, 2009)(Predominance met in settlement context where all class members had "common liability claims" with respect to alleged royalty payments). As noted above, given that the Settlement Class will be certified for the purposes of settlement only, the Rule 23(b)(3) requirement of

12

manageability need not be met because, in the context of a settlement class, manageability issues are not a bar to certification since there will be no trial. *Amchem,* 521 U.S. at 620; *Kay Company*, 2009 WL 10664160 at *2 (manageability issue mooted in class action settlement context). Finally, in this settlement context, a class action is superior to other available methods for a fair and efficient adjudication of these cases. *See, In re Serzone Products Liability Litigation,* No. MDL No. 1477, 2004 WL 2849197 (S.D. W. Va. Nov. 18, 2004))(superiority met in putative class action settlement where it promoted efficiency and uniformity where many settlement class members would not be forced to pursue separate actions). Because all of the requirements of Rule 23 are met here, the Parties respectfully request that the Court conditionally certify the proposed Settlement Class.

### C.    THE PROPOSED NOTICE OF SETTLEMENT IS REASONABLE AND SUFFICIENT.

Under Rule 23, in any proposed class action compromise or settlement, a court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. (e)(1). In a class action settlement, due process requires reasonable notice combined with an opportunity to be heard. *Domonoske v. Bank of America,* 790 F.Supp.2d 466, 472 (W.D. Va. 2011). Rule 23 requires that the class members receive the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The actual manner and form of the notice is largely within the discretion of the trial court. The trial court may require, among other things, that it review the content of any notice before its dissemination. As demonstrated by the Parties' proposed Notice set forth in detail below the Notice satisfies both due process requirements and the requirements of Rule 23.

13

1.  **The Notice Company Should be Appointed as the Class Third-Party Administrator.**

The Parties request that the Court formally appoint The Notice Company to be the proposed Class Administrator in this case. The Notice Company is principally engaged in the administration of class action lawsuits pending in courts around the United States, including the dissemination of notice to class members, administering the claims process, and distributing the proceeds of the litigation to the class; see the related Declaration of Joseph Fisher in support of this stipulation.

The Notice Company has implemented notice programs and served as settlement administrator in a wide variety of class action cases, with class membership sizes ranging from a few hundred to several million. The Notice Company has specific experience with specific class actions involving allegations of possible exposure to HAV at restaurants located in the United States, including the following cases:

> \*   *Werkmeister v. Hardee's Restaurants, LLC* (Spartanburg County, SC)
>      The Notice Company provided notice of the class action by (1) mailing notice to 4,592 persons identified by the public health departments, (2) publication of notice in The Greenville News and the Spartanburg Herald-Journal, and (3) posting notice on the world wide web. The Notice Company handled all mailings of notices, received all claim forms, and administered the settlement.

> \*   *Cagler v. Papa John's USA, Inc.* (W.D. NC)
>      The Notice Company provided notice of the class action by (1) mailing notice to 1,656 persons identified by the public health departments, (2) publication of notice in the Charlotte Observer, and (3) posting notice on the world wide web. The Notice Company handled all mailings of notices, received all claim forms, and administered the settlement.

> \*   *Prescott v. GMRI, Inc. d/b/a The Olive Garden Italian Restaurant* (Cumberland County, NC)
>      The Notice Company provided notice of the class action by (1) mailing notice to 3,086 persons identified by the public health department, (2) publication of notice in The Fayetteville Observer, and (3) posting notice on the world wide web. The

Notice Company handled all mailings of notices, received all claim forms, and administered the settlement.

* *Foster v. Friendly Ice Cream Corporation* (Middlesex County, MA)
    The Notice Company provided notice to 2,633 members of the class by mailing notice to those individuals who had been identified by the Board of Health and by publication of notice in The Arlington Advocate. The Notice Company handled all mailings of notices, received all claim forms.

* *Johnson v. Houlihan's Restaurants, Inc.* (Kane County, IL)
    Pursuant to the Court's Order, The Notice Company prepared 3,500 notices, claim forms and mailing envelopes. These documents were provided to the Kane County Health Department, which then mailed the documents to persons who had obtained immunoglobulin shots at the Health Department as a result of the alleged incident. The mailing envelopes showed The Notice Company's return address. The Notice Company handled all re-mailings of notices that were returned by the U.S. Postal Service, received all claim forms, and administered the settlement.

* *In re Chi-Chi's, Inc.* (Bankr. D. DE)
    Pursuant to the Court's Order, The Notice Company prepared 9,500 notices, claim forms and mailing envelopes. These documents were provided to the Pennsylvania Department of Health, which then mailed the documents to persons who had obtained immunoglobulin shots at the Health Department in connection with the alleged incident. The mailing envelopes showed The Notice Company's return address. The Notice Company handled all re-mailings of notices that were returned by the U.S. Postal Service, received all claim forms, and administered the settlement.

The parties therefore request that the Court formally appoint The Notice Company to be the proposed Class Administrator in this case. The Notice Company has substantial experience in administering similar class actions and has served as the class settlement administrator in a wide variety of class action cases.

## 2. The Proposed Notice Plan Is Sufficiently Comprehensive.

The Proposed Notice Plan, set forth in detail below, is sufficiently comprehensive to comport with Due Process requirements.

### 1. <u>Settlement Administration.</u>

15

The Notice Company, Inc., 94 Station Street, Hingham, MA, (the "Settlement Administrator") will handle the administration of the Opt-Out Class Action Settlement, as follows:

> The printing, handling, mailing, and re-mailing, as required by the Notice of Settlement, including all related personnel and operating costs, and the processing of any requests for exclusion and other documents submitted.

Defendant's insurance carrier, Nationwide Insurance Company, shall be responsible for fees and charges owed to The Notice Company with respect to the foregoing administration of the Settlement, including media publication and mailing, not to exceed $25,000; said amount shall be paid within 7 days of entry of an Order Preliminarily Approving the Settlement. Defendant shall not be responsible, and shall not pay, for any time or costs incurred by Class Members or their counsel with respect to the negotiation, implementation, or administration of the Settlement, or any costs incurred by any Class Member in connection with participating in the Settlement, except as provided above.

2.      **Claim Form and Notice.**

A.      The claim form to be used by persons who qualify as Class Members shall be in the form attached hereto as **Exhibit 2** (the "Claim Form"). Claim Forms may be submitted by a legally authorized guardian or representative of an incapacitated or minor Class Member or on behalf of a deceased Class Member.

B.      The Summary Notice of Settlement for publication, attached hereto as **Exhibit 3**.

C.      The Detailed Notice of Settlement for mailing, attached hereto as **Exhibit 4.**

3.      **Class Notice and Claim Administration.**

The Settlement Administrator shall proceed in accordance with the following

16

notification procedures and claims administration:

    A.      **Class List.** Within 7 days of entry of the Order Preliminarily Approving Class Settlement, the Plaintiffs' counsel, Defendant's counsel, and Mecklenburg County Health Department will provide the Settlement Administrator with the names and addresses of potential Class Members known to them. This list shall be known as the "Class List";

    B.      **Notice Package.** Within 21 days of the entry of the Order Preliminarily Approving Class Settlement, the Settlement Administrator shall cause the Detailed Notice of Settlement and Claim Form ("Notice Package") to be sent by the United States Postal Service First-class mail, postage prepaid, to all potential Class Members whose name and address appear on the Class List.

    C.      **Notice of Publication.** Commencing within 21 days of the entry of the Order Preliminarily Approving Class Settlement, the Settlement Administrator shall cause the Notice of Settlement for publication to be published once a week for two consecutive weeks in the *Charlotte Observer*.

    D.      **Website.** Within 21 days of entry of the Order Preliminarily Approving Class Settlement, the Settlement Administrator shall establish a website at www.CharlotteHepA.com where visitors may obtain the Claim Form, Detailed Notice of Settlement, the Order Preliminarily Approving Class Settlement and other information pertaining to this Settlement as requested by Class Counsel.

    E.      **Toll-free Telephone Number.** Within 21 days of entry of the Order Preliminarily Approving Class Settlement, the Settlement Administrator shall establish a toll-free telephone number for the purposes of effectuating notice.

    F.      **Claims/Exclusion/Objection Periods.** The Notice of Settlement shall provide

17

that within 65 days of the entry of the Preliminary Approval Order, all exclusion requests, objections and claims must be submitted.

G. **Extension.** The Administrator with the approval of Class Counsel may extend the dates and deadlines listed herein if circumstances warrant, for example, if there is a delay in obtaining the Class List from the Mecklenburg County Health Department.

**4. Request for Exclusion.**

A. Any person who would otherwise be a member of the Class may be excluded from the Class and from the settlement set forth herein by mailing a written request for exclusion to the Class Administrator pursuant to the Preliminary Approval Order, postmarked no later than 65 days from the entry of the Preliminary Approval Order or as the Court may otherwise direct. The original requests for exclusion shall be filed with the Court by Plaintiffs' counsel, and served on Defendant's counsel, at least 7 calendar days before the Final Approval Hearing. A member of the Class filing such a request shall be deemed excluded from the Class and from this Settlement with respect to all of the matters released.

B. Any potential member of the Class who does not file a timely written request for exclusion as provided in the preceding section shall be bound by this Settlement Agreement and all subsequent proceedings, orders, and judgments in this litigation, even if that potential member of the Class subsequently initiates litigation against Defendant relating to any of the matters released.

C. No party shall encourage any potential Class Member to file a request for exclusion or encourage or provide any material assistance for any potential Class Member to file an objection to this Settlement or to file any other action, except as expressly provided herein.

**5. Objection to Settlement.**

18

A. Any potential Class Member who has not filed a written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed settlement must serve on Plaintiffs' counsel and on counsel for Defendant, and must file with the Court, no later than 65 days from the entry of the Preliminary Approval Order or as the Court may otherwise direct, a notice of intention to appear and/or object, together with copies of any papers such member of the Class intends to present to the Court in connection with such objection. Potential Class Members may make such appearances or objections either on their own or through attorneys hired at their own expense. If an attorney will represent any such potential Class Member, he or she must (i) file an appearance with the Court no later than 65 days from the entry of the Preliminary Approval Order or as the Court otherwise may direct, and (ii) serve on Plaintiffs' and Defendant's counsel a notice of the filing of the appearance. Any such potential Class Member or counsel thereto may, with notice, obtain access at the offices of Sellers, Ayers, Dortch, Lyons, 301 S. McDowell Street, Suite 410, Charlotte, NC 28204, to the complaints and answers thereto, if any, filed in this litigation and any orders entered in this litigation, and to such additional pleadings as may be agreed by Defendant's counsel and Plaintiffs' counsel. Defendant's counsel will inform Plaintiffs' counsel promptly of any requests received by Defendant's counsel by potential Class Members or their attorneys for access to such documents.

B. Only those potential Class Members who follow the procedures set forth in the foregoing paragraph may appear at the Final Approval Hearing and/or have their objections considered by the Court, unless otherwise directed by the Court.

C. Any potential Class Member who does not appear individually or through counsel and/or who does not challenge or comment upon the fairness and adequacy of this

Agreement shall waive and forfeit any and all rights that she or he may have to appear separately and/or object. All potential Class Members (whether or not they object to the fairness of this settlement) other than those requesting exclusion pursuant to the procedures described above shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this litigation.

## V.   CONCLUSION

For the reasons set forth above, the parties to this action request:

(1)     That the Court preliminarily approve the settlement as sufficiently fair, reasonable, and adequate to allow notice of the proposed settlement to be given to the members of the Class;

(2)     That the Court conditionally certify the proposed Settlement Class;

(3)     That the Court approve the form of the Notice of Settlement of Proposed Class Action ("Notice") (Settlement Agreement, Exhibit 3), without material alteration;

(4)     That the Court further find that notice of the settlement in the manner set forth above and in the Settlement Agreement meets the requirements of Due Process, and that the proposed notice is reasonable, and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; is the best practicable notice; and is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed settlement;

(5)     That the Court approve the form of the Class Action Claim Form ("Claim Form") (Settlement Agreement, **Exhibit 1**), without material alteration;

(6)     That a Final Approval Hearing be held at the direction of the Court, in the United States District Court, Western District of North Carolina, Charlotte Division, for the purpose of

20

determining: (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; and (b) whether to issue a final judgment order; and

(7)  That all pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

Respectfully submitted this  5th day of December, 2018.

s/Brett Dressler (NC Bar #34516)
bdressler@sellersayers.com
**SELLERS, AYERS, DORTCH & LYONS, PA**
301 S. McDowell St., Ste. 410
Charlotte, NC 28204
Tel (704) 377-5050
Fax (704) 339-0172


s/William D. Marler
Admission *Pro Hac Vice*
**MARLER CLARK, L.L.P., P.S.**
1012 First Avenue, Fifth Floor
Seattle, WA  98104
Toll Free:  (800) 884-9840
Telephone:  (206) 346-1888
Facsimile:  (206) 346-1898
***Attorneys for Plaintiffs Iafreedre McClain and Montrell Davis***


s/Daniel K. Bryson
s/Scott C. Harris
**WHITFIELD BRYSON & MASON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Tel (919) 600-5000
Fax (919) 600-5035

21

s/Joseph G. Sauder
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: 888.711.9975
Fax: 610-421-1326
*Attorneys for Plaintiffs E.P. and S.F.*

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

s/Shawn D. Scott, Esq.
North Carolina Bar No. 23463
Alan M. Maxwell
Nicholas P. Panayotopoulos
Jennifer Adler
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Facsimile: (404) 875-9433
sscott@wwhgd.com
amaxwell@wwhgd.com
npanayo@wwhgd.com
jadler@wwhgd.com
*Attorneys for Defendant Morning Star LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record who have appeared in the case.

s/Brett Dressler (NC Bar #34516)
bdressler@sellersayers.com
**SELLERS, AYERS, DORTCH & LYONS, PA**
301 S. McDowell St., Ste. 410
Charlotte, NC 28204
Tel (704) 377-5050
Fax (704) 339-0172